IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

James Madison Compton,                )    C/A No. 8:13-cv-02963-DCN-JDA
                                      )
        Petitioner,                   )
                                      )
        v.                            )    **REPORT AND RECOMMENDATION**
                                      )    **OF MAGISTRATE JUDGE**
William R. Byars, Jr.,                )
                                      )
        Respondent.                   )
_____)

        This matter is before the Court on cross motions for summary judgment. [Docs. 14,

18.] Petitioner is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to

the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this

magistrate judge is authorized to review post-trial petitions for relief and submit findings

and recommendations to the District Court.

        Petitioner filed this Petition for writ of habeas corpus on October 30, 2013. [Doc.

1.] On February 18, 2014, Respondent filed a motion for summary judgment and a return

and memorandum to the Petition[1] [Docs. 14, 15], to which Petitioner filed a response in

opposition on April 4, 2014[2] [Doc. 22]. On March 19, 2014, Petitioner filed a motion for

summary judgment [Doc. 18], to which Respondent filed a response in opposition on March

27, 2014 [Doc. 20].

---

[1]A responsive pleading was due by February 12, 2014. [Doc. 12.] However, the Court was closed
for inclement weather on February 12, 13, and 14 and was closed for a federal holiday on February 17, 2014.
Thus, pursuant to Federal Rule of Civil Procedure 6(a), Respondent submitted his motion and return on
February 18, 2014.

[2]Petitioner's response in opposition was due by March 7, 2014 [Doc. 14.], and Petitioner has failed
to offer an explanation for his belated response. However, out of an abundance of caution, the Court has
considered Petitioner's response in opposition in making its recommendation.

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted, Petitioner's motion for summary judgment be denied, and the Petition be denied.

## **BACKGROUND**

Petitioner is presently confined in the South Carolina Department of Corrections ("SCDC") at Lee Correctional Institution pursuant to orders of commitment of the Pickens County Clerk of Court.  [Doc. 1.]  In September 1977, Petitioner was indicted for burglary, assault and battery with intent to kill, aggravated assault and battery, and armed robbery.  [Doc. 15-1.]   On October 7, 1977, represented by Sydney F. McDaniel ("McDaniel"), Petitioner pled guilty to the charges and received a sentence of life imprisonment for the burglary charge, twenty-five years imprisonment for the armed robbery charge, twenty years imprisonment for the assault and battery with intent to kill charge, and ten years for the aggravated assault and battery charge, the armed robbery and assault and battery with intent to kill sentences to run consecutively to the life sentence while the aggravated assault and battery charge to run concurrently with the life sentence.  [Doc. 15-2.]  No direct appeal was filed.

**PCR Proceedings**

### *First PCR Application*

Petitioner filed an application for post-conviction relief ("PCR") on January 23, 1981.  [Doc. 15-3.] Petitioner raised the following grounds for relief, quoted substantially verbatim:

> (1)    Ineffective assistance of counsel during all stages
>
> (2)    Illegal search and seizure

2

(3)     Under influence of drugs during arrest and during time
of guilty plea

(4)     Plea of guilty made under conditions of plea bargaining that were not
carried out

(5)     Denial of constitutional rights

[*Id.* at 2.]  In support of his grounds for relief, Petitioner provided the following facts, quoted

substantially verbatim:

> I was under influence of medication from the time of my arrest.
> The medication was prescribed by a Court-appointed
> physician.  My Constitutional Rights were never explained to
> me nor was I given enough time to prepare my case before
> trial with my attorney.  My attorney further instructed me to
> plead guilty because of a

[*Id.*]  The State filed a return on March 20, 1981.  [Doc. 15-4.]

An evidentiary hearing was held on March 1, 1982, at which Petitioner was

represented by Karl Kenyon ("Kenyon") and Robert Lusk ("Lusk").  [Doc. 15-5.]  On June

4, 1982, the PCR court issued an order denying and dismissing the PCR application.  [Doc.

15-6.]

A notice of appeal was timely filed.  [Doc. 15-7.]  On September 30, 1982, the

Supreme Court of South Carolina issued a certificate of no return.  [Doc. 15-8.]  On

October 12, 1982, the appeal was dismissed.[3]  [*See* Doc. 15-18 at 32.]

**Second PCR Application**

Petitioner filed a second PCR application on May 7, 1990.  [Doc. 15-9.]  Petitioner

raised the following grounds for relief, quoted substantially verbatim:

(a)     Ineffective assistance of counsel

---

[3]The Court was unable to locate a copy of the dismissal order in the record before this Court.

(b)     Denied due process of law

(c)     Abuse of discretion by the sentencing Court

[*Id.* at 3.] In support of his grounds for relief, Petitioner provided the following facts, quoted

substantially verbatim:

(a)     Counsel for the petitioner did not render the assistance to his client that this Court would consider to be reasonable or consistent with the Mandates of Strickland v. Washington (citations omitted). Petitioner would show the following:

Counsel for the petitioner did not conduct an independent investigation into his clients' case, nor prepare a proper defense for his client. Counsel did not research the case at bar, such as the issue of impaneling a jury to hear the case that would include all evidence from the state, and all the evidence that the petitioner would submit[] in mitigation, and then make a determination as to whether or not the petitioner would have received a recommendation of mercy on the burgulary charge. If the petitioner had received a recommendation of mercy on the burgulary offense, the sentencing Court would have had the discretion of sentencing the petitioner to a term of imprisonment of not less than five (5) years. Counsel for the petitioner did not advise the petitioner, or the Court, of the petitioners' right to impanel a jury for the purpose of determining this issue.

It is a well settled rule in this state that this is a right that counsel must advise his client of. The record is bereft of any facts that would lead this Court to believe that the Attorney for the petitioner did in fact advise the petitioner of the right that was due him through the 6th Amendment of the United States Constitution, and all of the mandated cases for this District.

(b)     The Court, as well as the Attorney for the petitioner, did not advise the petitioner of his rights that are secured and guaranteed to him by the 6th

4

Amendment to the Constitution of the United States, thereby denying the petitioner due process of law.

(c)          The Honorable Judge John Gentry, presiding Judge over the case at bar, did abuse his discretion in this case. The abuse was established when the Court accepted the petitioners' plea without questioning the petitioner through affirmative awareness, consistent with Rule 11 or the Federal Rules of Civil Procedure, to insure the Court and the petitioner that the party before the Court had been advised of all his rights, and that he understood all his rights, options, and opportunities. However, the Court did not comply with this Rule, and thereby foreclosed the petitioner from ever knowing that he had the right to impanel a jury for the purpose of allowing the jury to hear all of the evidence that the state and the petitioner had to offer before making a determination as to whether or not the petitioner should receive a recommendation of mercy on the burglary charge.

[*Id.* at 3–4.]  The State filed a return on June 26, 1990.  [Doc. 15-10.]

On July 26, 1991, the PCR court issued a conditional order of dismissal.  [Doc. 15-11.]  In the conditional order, the court expressed its intent to summarily dismiss the matter as successive and untimely but granted Petitioner twenty days to show why the order should not become final.  [*Id.*]  On January 23, 1992, after petitioner filed objections to the conditional order, the PCR court issued a final order of dismissal.  [Doc. 15-12.]

A notice of appeal was timely filed.  On April 17, 1992, Wanda H. Haile of the South Carolina Office of Appellate Defense filed on Petitioner's behalf a petition for writ of certiorari in the South Carolina Supreme Court.  [Doc. 15-13.]  The petition asserted the following as the sole question presented:

Petitioner received ineffective assistance from his post-conviction relief counsel because counsel failed to properly initiate an appeal from the lower court's order dismissing the post-conviction relief application?

5

[*Id.* at 2.]  The court granted the petition on July 29, 1992 and remanded the matter to the circuit court for an evidentiary hearing on the issue of whether Petitioner was denied an opportunity to seek appellate review of the denial of his first post-conviction relief application.  [Doc. 15-14.]

An evidentiary hearing and supplemental hearing were held, at which Petitioner was represented by Dallas D. Ball ("Ball").[4]  [Docs. 15-15, 15-16.]  On December 21, 1992, the court denied and dismissed the PCR application.[5]  [*See* Doc. 15-24 at 2.]

A notice of appeal was timely filed.  On June 16, 1993, M. Anne Pearce ("Pearce") of the South Carolina Office of Appellate Defense filed on Petitioner's behalf a petition for writ of certiorari in the South Carolina Supreme Court.  [Doc. 15-19.]  The petition asserted the following as the sole question presented:

> Whether petitioner waived his right to appeal the order dismissing his first application for post-conviction relief.

[*Id.* at 2.]  The petition also contained the following statement of *Austin*[6] questions:

> 1.    Whether defense counsel was ineffective in allowing petitioner to plead guilty to first degree burglary with a mandatory life sentence without advising him that he could request a jury be impaneled for a mercy recommendation under State v. Lambert and Watson v. State.

---

[4]On August 31, 1992, a separate petition for writ of habeas corpus filed in state court was merged with the second PCR application.  [Doc. 15-17.]

[5]The Court was unable to locate a copy of the dismissal order in the record before this Court. Although Respondent cites to Attachment 8 as the order dated December 21, 1992 [*see* Doc. 15 at 3 n.3, 6], Docket Entry Number 8, which Respondent refers to as Attachment 8, is the certificate of no return dated June 4, 1982.

[6]"An *Austin* [*v. State*, 409 S.E.2d 395 (S.C. 1991)] appeal is used when an applicant is prevented from seeking appellate review of a denial of his or her PCR application, such as when an attorney fails to seek timely review."  *Odom v. State*, 523 S.E.2d 753, 757 (S.C. 1999).

> 2.    Whether the record shows that petitioner's plea was involuntary inasmuch as he was too heavily medicated to make a knowing and intelligent waiver of fundamental rights.

[*Id.* at 11 (footnotes omitted).]  The State filed a return on August 2, 1993.  [Doc. 15-20.] The court denied the petition on November 18, 1993.[7]  [*See* Doc. 15-24 at 2.]

**State Habeas Proceedings**[8]

### *First State Habeas Petition*

On April 11, 1995, Kenneth C. Hanson ("Hanson"), Petitioner's counsel in the instant case, filed on Petitioner's behalf a petition for writ of habeas corpus in the South Carolina Supreme Court.  [Doc. 15-21.]  In his petition, Petitioner alleged he was being imprisoned and restrained because of an illegally obtained guilty plea in reliance on deficient advice and the ineffective assistance of counsel.  [*Id.*]  On May 17, 1995, the court dismissed the petition.  [Doc. 15-22.]

### *Second State Habeas Petition*

On June 8, 1995, Petitioner filed a petition for writ of habeas corpus in the South Carolina Court of Common Pleas.  [Doc. 15-23.]  In his petition, Petitioner alleged the following issues, quoted substantially verbatim.

> 1.    The guilty plea the petitioner entered into was not an intelligent and knowingly made plea because counsel misinformed him of parole eligibility.

---

[7]The Court was unable to locate a copy of the dismissal order in the record before this Court.

[8]Respondent indicates that Petitioner has filed "multiple petitions for writ of habeas corpus with South Carolina state courts" and includes three as examples.  [Doc. 15 at 7.]  The Court notes that at least one state habeas petition, the one that was merged with the second PCR application, was not included as an attachment to the Petition.  *See* Note 2, *Supra*.

7

2.    The petitioner received ineffective assistance of counsel when counsel failed to inform him of his right to request that a jury be impaneled after he pled guilty to burglary, to determine a recommendation of mercy.

[*Id.*]  On May 1, 1996, the court dismissed the petition with prejudice because Petitioner had escaped from SCDC on October 13, 1995.  [Doc. 15-24.]

### Third State Habeas Petition

In October 2012, Hanson filed on Petitioner's behalf a petition for writ of habeas corpus in the South Carolina Supreme Court.  [Doc. 15-25.]  In his petition, Petitioner alleged his imprisonment was illegal due to plea counsel's failure to advise Petitioner of the right to have a jury impaneled for a recommendation of mercy and failure to advise Petitioner of his appellate rights or to pursue and file a direct appeal and the court's failure to protect Petitioner adequately and insure that the guilty plea process was constitutionally valid.  [*Id.*]  The State filed a return on December 13, 2012.  [Doc. 15-26.]  On February 8, 2013, the court denied the petition.  [Doc. 15-27.]

Petitioner moved for reconsideration on February 21, 2013.  [Doc. 15-28.]  On March 20, 2013, the court denied the petition for rehearing.  [Doc. 15-29.]

### Federal Habeas Proceedings

### First Federal Habeas Petition

On December 11, 1990, Petitioner filed a petition for writ of habeas corpus in this Court, Civil Action No. 3:90-cv-02928-CWH.  [Civil Action No. 3:90-cv-02928-CWH, Docket Entry Number 3.[9]]  The Court dismissed the petition without prejudice for failure to comply

---

[9]Citations to the previous federal habeas petitions are to the docket text information only.  Because of the age of these cases, the documents themselves are not available through CM/ECF.

with the exhaustion requirement of 28 U.S.C. § 2254(b) on March 3, 1992.  [Civil Action No. 3:90-cv-02928-CWH, Docket Entry Numbers 10, 14.]

### Second Federal Habeas Petition

On August 18, 1992, Petitioner filed a second petition for writ of habeas corpus in this Court, Civil Action No. 3:92-cv-02304-CWH.  [Civil Action No. 3:92-cv-02304-CWH, Docket Entry Number 3.]  Petitioner moved for voluntary dismissal without prejudice on April 29, 1993, which was granted on May 26, 1993.  [Civil Action No. 3:92-cv-02304-CWH, Docket Entry Numbers 9, 10.]

### Present Petition for Writ of Habeas Corpus

Petitioner filed this Petition for writ of habeas corpus on October 30, 2013.  [Doc. 1.]  Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:** On the charge of Burglary, 1st Degree, the Petitioner's Attorney failed to advise Petitioner of his right to have a jury impaneled to determine if he should be granted mercy.
>
> *Supporting facts*: At the time of Petitioner's plea, the burglary statute, S.C. Code § 16-11-310 (1976) provided that one pleading to a charge of burglary would face a life sentence where no jury is impaneled.  If, however, a jury was impaneled and did recommend mercy, one would be facing a term of years with a minimum sentence of Five (5) years.  In the Petitioner's case, no jury was impaneled, as this right was waived by the Solicitor and defense counsel without any input by Petitioner.  Petitioner did not know of his right to the impanelment of a jury for a determination on the issue of mercy.  Petitioner's counsel failed to advise him of this right, and the judge, during the plea, failed to inquire if he knew he had this right and was waiving it. Petitioner was given a sentence of life imprisonment of which he has endured the past Thirty-Five (35) years.

9

Certainly, had Petitioner known of this right, he would have opted to have a jury impaneled, which would probably have made a significant difference in his sentence. Counsel's failure to advise Petitioner of the right to have a jury impaneled for a recommendation of mercy rendered his guilty plea unknowing and unintelligently entered.

**GROUND TWO:**       On the charge of Burglary, 1st Degree, the Court failed to insure that Petitioner knew and understood his right to have a jury impaneled to determine if he should be granted mercy.

*Supporting facts*:   At the time of Petitioner's plea, the burglary statute, S.C. Code § 16-11-310 (1976) provided that one pleading to a charge of burglary would face a life sentence where no jury is impaneled. If, however, a jury was impaneled and did recommend mercy, one would be facing a term of years with a minimum sentence of Five (5) years. In the Petitioner's case, no jury was impaneled, as this right was waived by the Solicitor and defense counsel without any input by Petitioner. Petitioner did not know of his right to the impanelment of a jury for a determination on the issue of mercy. The judge failed to inquire of Petitioner to insure that he knew he had this right and was waiving it. Petitioner was given a sentence of life imprisonment of which he has endured the past Thirty-Five (35) years. Certainly, had Petitioner known of this right, he would have opted to have a jury impaneled, which would probably have made a substantial difference in his sentence.

**GROUND THREE:** Post Conviction Relief counsel failed to realize that counsel's failure to advise Petitioner about a mercy recommendation was an issue and argue it. Further, Post Conviction Relief counsel failed to appeal the denial of Petitioner's Post Conviction Relief action.

*Supporting facts*:   Post Conviction Relief counsel never realized that counsel's failure to advise Petitioner about a mercy recommendation was an issue and, thus, never raised and argued this issue. Petitioner testified in the initial Post Conviction Relief hearing of March 11, 1982 that he was never told that, without a recommendation of

mercy, the Judge had no choice but to give a life sentence. Further, Petitioner's original trial counsel testified in the initial Post Conviction Relief hearing of March 11, 1982 that he did not recall advising Petitioner about a mercy recommendation and its significance in his case. However, this testimony was overlooked by the Court and counsel.

**GROUND FOUR:** Post Conviction Relief Court Ignored testimony significant on the issue of failure to advi[s]e Petitioner of a right to have a jury impaneled for a recommendation of mercy.

*Supporting facts*: Petitioner testified in the initial Post Conviction Relief hearing of March 11, 1982 that he was never told that, without a recommendation of mercy, the Judge had no choice but to give him a life sentence. Further, Petitioner's original trial counsel testified in the initial Post Conviction Relief hearing of March 11, 1982 that he did not recall advising Petitioner about a mercy recommendation and its significance in his case. However, this testimony was overlooked by the Court and counsel.

[Doc. 1 at 5–10.] As stated, on February 18, 2014, Respondent filed a motion for summary judgment [Doc. 14], to which Petitioner filed a response in opposition on April 4, 2014 [Doc. 22]. On March 19, 2014, Petitioner filed a motion for summary judgment [Doc. 18], to which Respondent filed a response in opposition on March 27, 2014 [Doc. 20]. Accordingly, the motions are ripe for review.

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

11

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (I) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may

consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[10] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir.

---

[10]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts.  *See id.*  Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.  *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time.  *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991).  Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court.  S.C. App. Ct. R. 203(d)(3), 243.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also*

17

*Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme

Court explained:

> . . . [State procedural rules promote] not only the accuracy and
> efficiency of judicial decisions, but also the finality of those
> decisions, by forcing the defendant to litigate all of his claims
> together, as quickly after trial as the docket will allow, and
> while the attention of the appellate court is focused on his
> case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for

noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged

constitutional violation[,]'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533

(quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to

comply with state procedural requirements and cannot make the required showing of cause

and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477

U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the

court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is

precluded by state rules from returning to state court to raise the issue, he has procedurally

bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v.

Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual

prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.

In such an instance, the exhaustion requirement is technically met, and the rules of

procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d

at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v.*

18

*Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### Statute of Limitations

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

19

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).  However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition.  *Holland v. Florida*, --- U.S. ---, ---, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*,

20

544 U.S. at 418).  Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied.  *Id.* at 2563.

## DISCUSSION

**Expiration of Limitations Period**

Because Petitioner's conviction became final before the AEDPA was passed, the one-year limitation period for federal habeas petitions began to run on the effective date of the AEDPA, April 24, 1996.  *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).  Thus, for Petitioner, the one-year period would have commenced on April 24, 1996.  On that date, Petitioner's second state habeas petition was pending in the South Carolina Court of Common Pleas.  However, that petition was dismissed with prejudice on May 1, 1996 because Petitioner had escaped from SCDC on October 13, 1995.  [Doc. 15-24.] Accordingly, even if the second state habeas petition tolled the statute of limitations while it was pending,[11] the AEDPA limitations period began to run on May 1, 1996.  Petitioner filed this Petition on October 30, 2013 [Doc. 1], such that 6,391 days elapsed before Petitioner filed this Petition.  Accordingly, the one-year period in which to file a federal habeas petition had already expired when Petitioner filed his Petition.[12]

---

[11]The Court need not make a finding regarding whether Petitioner's second state habeas petition tolled the AEDPA limitations period, because the Petition is untimely even assuming the limitations period was tolled.

[12]The record before this Court contains no evidence of any state PCR applications or state habeas petitions filed by Petitioner between May 1, 1996 and April 30, 1997, when the AEDPA limitations period expired in this case; accordingly, the one-year limitations period was not tolled during that time period. Petitioner's first and second PCR applications and first state habeas petition were completed before the effective date of the AEDPA; Petitioner's third state habeas petition was filed in October 2012, well after the expiration of the limitations period.  Additionally, Petitioner's first and second federal habeas petitions were completed before the effective date of the AEDPA; moreover, the limitations period is tolled only during the pendency of applications for *state* post-conviction or other collateral review and not during the pendency of *federal* habeas petitions.  *Duncan v. Walker,* 533 U.S. 167, 181–82 (2001).

**Equitable Tolling**

In his responses in opposition to the motion for summary judgment and in his motion for summary judgment, Petitioner argues that the statute of limitations should not be so rigidly applied and that the Court should apply the doctrine of equitable tolling. [Docs. 18-1 at 7–9; 22 at 1–2.]  More specifically, Petitioner alleges that he has "consistently and vigorously pursued his grievances in the Courts of the State of South Carolina, and the record is replete with examples showing more than reasonable diligence on [Petitioner''s] part." [Doc. 22 at 1; *see also* Doc. 18-1 at 8 (same).]  For the reasons explained below, Petitioner is not entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly.  We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted).  The Fourth Circuit has underscored the very limited circumstances in cases subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his

22

control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*

*v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).   Thus, rarely will circumstances

warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[13]   Further, as previously stated,

the Supreme Court has held that, in addition to demonstrating extraordinary circumstances

prevented the petitioner from timely filing, the petitioner must demonstrate he has been

diligently pursuing his rights.   *Id.* at 2562.

Here, Petitioner has failed to demonstrate that extraordinary circumstances beyond

his control prevented him from filing his Petition within the statute of limitations.   Petitioner

argues he has been diligently pursuing his claims in the South Carolina state courts.

However, this argument provides no explanation regarding why Petitioner failed to file a

---

[13]Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly.  *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

*federal* habeas petition within the one year statute of limitations.  Based on the record before this Court, Petitioner had no state PCR applications, state habeas petitions, or federal habeas petitions pending between May 1, 1996 and April 30, 1997.  Petitioner has failed to explain how he was diligently pursuing his rights or how extraordinary circumstances prevented him from filing a federal habeas petition during that time period.  Even if Petitioner's argument were construed as alleging he did not know about the statute of limitations, Petitioner's ignorance of the law and procedure is not a basis to invoke equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (rejecting the petitioner's arguments that he should be entitled to equitable tolling because he did not understand how the statute of limitations operated in his case).  Additionally, to the extent Petitioner argues that equitable tolling should apply because his claim is meritorious and this is the only available remedy remaining for him [Doc. 18-1 at 7], under the extraordinary circumstances test, this Court should not consider the merits of the underlying claim.  The Fourth Circuit has rejected the use of an alternative test for equitable tolling that would consider a petitioner's underlying claims, stating that "[a]llowing consideration of the merits of the time-barred claims to creep into the equitable tolling analysis lets petitioners effectively circumvent the statute of limitations because the merits of their claims will always be considered."  *Rouse v. Lee*, 339 F.3d 238, 251 (4th Cir. 2003).  Accordingly, Petitioner has not provided any grounds for equitably tolling the federal statute of limitations for over seventeen years.  Therefore, the Court determines the Petition should be dismissed as time barred.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED, Petitioner's motion for summary judgment be DENIED, and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 5, 2014
Greenville, South Carolina